# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**BRITTANY BRIMLEY** and
**TRAVIS FAISON,** *Individually,*
*and on behalf of themselves and others*
*similarly situated,*

Plaintiffs,

v.                                                           No. _____

**PATTERSON WAREHOUSES, INC.**

**FLSA Multi-Plaintiff Action**
**JURY DEMANDED**

Defendant.

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Plaintiffs, Brittany Brimley and Travis Faison ("Plaintiffs") bring this action against Patterson Warehouses, Inc. ("Defendant") as a multi-plaintiff action to recover unpaid overtime compensation, as follows:

### I.  INTRODUCTION

1. This lawsuit is brought against Defendant as a multi-plaintiff action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime compensation and other damages for Plaintiffs and other similarly situated current and former employees who were classified as "warehouse employees."

2. Plaintiffs allege they and similarly situated warehouse employees were not paid for all their overtime hours at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this cause of action.

3. Defendant either failed to record all of the overtime hours of Plaintiffs and others similarly situated into their time keeping system or "edited-out" such hours from its time keeping system during all times material to this Complaint.

## II. JURISDICTION AND VENUE

4. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs were employed by Defendant in this district at all times relevant to this action. In addition, Defendant regularly conducted and continues to conduct business in this district and has engaged and continues to engage in wrongful conduct alleged herein in this district during all material times to this cause.

## III. SIMILARLY SITUATED DESCRIPTION

6. Plaintiff brings this action on behalf of the following similarly situated persons:

All current and former hourly-paid warehouse employees of Defendant who were employed by Defendant anywhere in the United States at any time during the applicable limitations period covered by this Multi-Plaintiff Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who are Named Plaintiffs or elect to join this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "potential plaintiffs").

## IV. PARTIES

7. Plaintiff, Brittany Brimley, was employed by Defendant as an hourly-paid warehouse employee within this district during the relevant period herein. (Plaintiff Brimley's Consent to Join this action is attached hereto as Exhibit A.)

8. Plaintiff, Travis Fiason, was employed by Defendant as an hourly-paid warehouse employee within this district during the relevant period herein. (Plaintiff Fiason's Consent to Join this action is attached hereto as Exhibit B.)

9. Defendant, Patterson Warehouses, Inc., is a Tennessee corporation with its principal address located at 5388 Airways Blvd, Memphis, Tennessee 38116-9402. Defendant can be served process to: Samuel B. Bell, 5388 Airways Blvd, Memphis, Tennessee 38116-9402.

## V.     COVERAGE

10. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Complaint.

11. Plaintiffs and all other similarly situated persons are current or former hourly-paid warehouse employees who performed work for Defendant during all times relevant to this action.

12. Defendant employed Plaintiffs and those similarly situated and was responsible for establishing and administering time keeping and pay policies and practices related to them during all times relevant to this Complaint.

13. Plaintiffs and those similarly situated have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and, performed work duties for Defendant within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

14. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenues in excess of $500,000.00.

15. At all times relevant, Defendant has been subject to the pay requirements of the FLSA because it an enterprise in interstate commerce and their employees have engaged in interstate commerce.

## VI.  FACTUAL ALLEGATIONS

16. Defendant, Patterson Warehouses. Inc., provides logistical services for third-parties in Memphis, Tennessee. (Plaintiffs were employed by Defendant at its warehouses in Memphis, Tennessee during all times material to this action.)

17. Defendant had a time keeping system in which to record the work hours of Plaintiffs and those similarly situated during all times material.

18. Plaintiffs and those similarly situated routinely worked more than forty (40) hours per week within weekly pay periods for Defendant during all times material herein.

19. However, Defendants failed to pay them for all their work hours over 40 per week within weekly pay periods at one and one-half times their regular hourly rates of pay for all such overtime hours.

20. Specifically, Defendant informed Plaintiffs and those similarly situated that instead of reporting to work at their regular shifts, they were to report to work and begin work one hour earlier than their regular shifts.

21. However, Defendant had a common policy and practice of "editing-out" of its time keeping system the work time of Plaintiffs and those similarly situated that occurred before the beginning of their regular shifts if they began work minutes after the beginning of the earlier one-hour threshold.

22. For example, if Plaintiffs and those similarly situated reported to work and began working 30-minutes after the beginning of the earlier one-hour but 30-minutes before the beginning

of their regular shifts, Defendant would "edit-out" such 30-minutes of work time from its time keeping system.

23. Plaintiffs and those similarly situated performed work before the beginning of their regular shifts within weekly pay periods during all times material but Defendant "edited-out" out such compensable work time from its time keeping system whenever they began work after the start of the earlier one-hour threshold.

24. Considering that Plaintiffs and those similarly situated routinely performed 40 or more hours of work per week within weekly pay periods for Defendant during all times material, without counting such "edited-out" time, such time should be considered overtime hours for which they should have been paid one and one-half times their regular hourly rates of pay within applicable weekly pay periods.

25. Aa a result, Plaintiff and those similarly situated were not paid for all their compensable work time at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material herein.

26. Defendant failed to keep accurate records related to the compensable work time of Plaintiffs and those similarly situated.

27. The unpaid overtime claims of Plaintiffs and those similarly situated are unified through a common theory of Defendant's FLSA statutory violations.

28. Defendant willfully and with reckless disregard to the clearly established FLSA overtime compensation requirements violated the Act by failing to compensate Plaintiffs and those similarly situated for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

29. Defendant's conduct was without a good faith basis.

30. The net effect of Defendant's common policy and practice of failing to pay Plaintiffs and those similarly situated for all their overtime hours was to save payroll costs and payroll taxes.

31. As a consequence, Defendant violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiffs and those similarly situated.

32. Plaintiffs and those similarly situated are entitled and hereby seek to recover back pay, liquidated damages, attorneys' fees, interest, and other cost, fees and expenses from Defendant for all their unpaid overtime hours that are available under the FLSA.

33. Although at this stage Plaintiffs are unable to state the exact amount owed to them and those similarly situated, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

### VII. MULTI-PLAINTIFF ALLEGATIONS

34. Plaintiffs bring this action on behalf of themselves and those similarly situated as a multi-plaintiff action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

35. The claims under the FLSA may be pursued by those who join this cause of action under 29 U.S.C. § 216(b).

36. The exact number of potential plaintiffs is unknown to Plaintiffs at this time but can be determined through applicable discovery.

37. The claims of Plaintiffs are typical of the claims of those similarly situation.

38. Plaintiffs and potential plaintiffs are similarly situated in that they worked for Defendant during all times material and were subject to the same operational, compensation and time

keeping policies and practices, including not being paid for all their overtime hours within weekly pay periods at the applicable FLSA overtime compensation rates of pay, as addressed previously.

39. Plaintiffs and potential plaintiffs also are similarly situated because their unpaid overtime claims are unified through a common theory of Defendant's FLSA statutory violations.

40. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests are mutually aligned.

41. Plaintiffs have no interests adverse to potential plaintiffs.

42. Plaintiffs have retained competent counsel who are experienced in multi-plaintiff litigation.

43. The FLSA multi-plaintiff action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individuals in a multi-plaintiff action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for plaintiffs to individually seek address for the wrongs done to them.

44. Plaintiffs and those similarly situated have suffered and will continue to suffer irreparable damage from the aforementioned unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FLSA VIOLATIONS – UNPAID OVERTIME COMPENSATION

45. Plaintiffs, on behalf of themselves and those similarly situated, repeat and re-allege Paragraphs 1 through 44 above as if they were fully set forth herein.

46. At all times relevant herein, Defendant has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all times relevant herein, Defendant has employed Plaintiffs and those similarly situated within the meaning of the FLSA.

48. At all times relevant herein, Defendant has had a common policy and practice of willfully failing to pay Plaintiffs and potential plaintiffs the applicable FLSA overtime compensation rates of pay for all their work hours in excess of 40 per week within weekly pay periods during all times material to this action, as previously described.

49. Defendant failed to pay Plaintiffs and those similarly situated for all their overtime hours within weekly pay periods during all times material herein, as previously described.

50. During all times relevant, Defendant's common policy and practice of willfully failing to pay Plaintiff and class members one and one-half times their regular hourly rate of pay for all hours worked over forty (40) within weekly pay periods has resulted in their claims being unified through a common theory of Defendant's FLSA violations.

51. At all times relevant herein, Defendant has had actual knowledge of willfully refusing to pay Plaintiffs and potential plaintiffs for all their hours worked over forty (40) within weekly pay periods at the applicable FLSA overtime compensation rates of pay.

52. As a result of Defendant's willful failure to compensate Plaintiffs and potential plaintiffs at a rate of not less than one and one-half times their regular rates of pay for hours in excess of forty (40), within weekly pay periods during all times relevant, it has violated and continues to violate the FLSA, 29 U.S.C. § 255(a).

53. Defendant does not have a good faith basis for its aforementioned FLSA violations.

54. Due to Defendant's willful FLSA violations and lack of a good faith basis for the FLSA violations, Plaintiffs and potential plaintiffs are entitled to recover compensation from Defendant for unpaid overtime wages, an additional equal amount as liquidated damages,

as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of themselves and potential plaintiffs, request the Court to enter judgment in their favor on this Complaint and:

A. Promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b);

B. Award Plaintiffs and potential plaintiffs who join this action all of their unpaid overtime compensation;

C. Award Plaintiffs and potential plaintiffs who join this action liquidated damages in accordance with the FLSA;

D. Award Plaintiffs and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

E. Award Plaintiffs and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Award post-judgment interest and court costs as allowed by law;

G. Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

H. Provide additional general and equitable relief to which Plaintiffs and potential plaintiffs may be entitled; and

I. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: May 13, 2024.

Respectfully Submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BRP #041423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

***ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED***