# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

BRITTANY BRIMLEY and
TRAVIS FAISON, *Individually,*
*and on behalf of themselves and others*
*similarly situated,*

    Plaintiffs,

v.                                                                        Case No. 2: 24-cv-02307-MSN-cgc
                                                                                                          JURY DEMAND

PATTERSON WAREHOUSES, INC.

    Defendant.

## ORDER DENYING JOINT MOTION FOR SETTLEMENT APPROVAL

Before the Court is the parties' Joint Motion for Settlement Approval (ECF No. 44, "Joint Motion"). For the reasons set forth below, the Joint Motion is **DENIED**.

## BACKGROUND

Plaintiffs Brittany Brimley and Travis Faison filed their Complaint (ECF No. 1) in this matter on May 13, 2024. Plaintiffs' Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay them and other similarly situated individuals for all of their overtime hours at the applicable FLSA overtime compensation rate. (ECF No. 1.) Defendant disputes Plaintiffs' allegations.

This Court entered a Scheduling Order (ECF No. 20) on November 11, 2024. The parties exchanged initial disclosures and engaged in discovery and negotiations. On April 25, 2025, the parties filed the present Joint Motion seeking Court approval of their Settlement Agreement and

dismissal of the case with prejudice. (ECF No. 44.) The Settlement Agreement (ECF No. 44-2) includes a confidentiality provision.

## STANDARD OF REVIEW

The FLSA imposes a minimum wage and an overtime wage for several categories of employees. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn. 2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021). However, a growing number of district courts are rejecting the Eleventh Circuit's analysis in *Lynn's Food Stores*. *See, e.g., Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). This Court takes no position on the matter, but because the parties in this case requested approval of their settlement, the Court has engaged in the analysis under *Lynn's*.

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). First, "a bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (cleaned up); s*ee also Lynn's*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Second, courts consider the following factors to determine whether a resolution is fair and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-CV-112-TBR, 2020 WL 2065793, at *2 (W.D. Ky. Apr. 29, 2020) (citing *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

## **DISCUSSION**

The Court denies the Joint Motion because the Settlement Agreement contains a confidentiality provision that is inconsistent with the FLSA's public policy.

Although the parties filed the Agreement on the public docket, the Agreement includes a provision titled "Confidentiality" that broadly restricts the parties' ability to discuss the existence or terms of the settlement or facts underlying the litigation with anyone other than their spouse, legal counsel, tax advisor, or government authorities. (ECF No. 44-2 at PageID 294–95.) Courts in this District have found that such clauses are inconsistent with the FLSA's purpose and have declined to approve agreements containing them. *David v. Kohler Co.*, No. 115-cv-01263-STA-jay, 2019 WL 6719840, at *4 (W.D. Tenn. Dec. 10, 2019) (finding that defendant's privacy interests didn't justify sealing settlement agreement and collecting cases).

The mere fact "that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Scott v. Memory Co., LLC*, No. 3:09 CV 290–SRW, 2010 WL 4683621, at *2 (M.D. Ala. Nov. 10, 2010) (quoting *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H–07–2349, 2008 WL 5140045, at *10 (S.D. Tex. Dec. 8, 2008)) (internal quotation marks omitted); "Nor does the fear of copycat lawsuits or embarrassing inquiries suffice to defeat the presumption [of public access]." *Wolinsky*, 900 F.Supp. 2d at 338–39.

Because the Settlement Agreement contains a confidentiality clause that conflicts with the FLSA's remedial and public transparency goals, the Court will deny the Joint Motion (ECF No. 44) without prejudice. The Court expresses no opinion as to the reasonableness of any other provision in the proposed Agreement.

## **CONCLUSION**

For the reasons set forth above, the parties' Joint Motion for Settlement Approval (ECF No. 44) is **DENIED**. The parties have thirty (30) days from the entry of this Order in which to submit a renewed motion or otherwise notify the Court of how they intend to proceed.

**IT IS SO ORDERED**, this 29th day of April, 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE