IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BRITTANY BRIMLEY and
TRAVIS FAISON, *Individually,*
*and on behalf of themselves and others*
*similarly situated,*

  Plaintiffs,

v.                  Case No. 2: 24-cv-02307-MSN-cgc
                    JURY DEMAND

PATTERSON WAREHOUSES, INC.

  Defendant.

---

### ORDER GRANTING RENEWED JOINT MOTION FOR SETTLEMENT APPROVAL

---

  Before the Court is the parties' Renewed Joint Motion for Settlement Approval (ECF No. 46, "Renewed Motion"). For the reasons set forth below, the Renewed Motion is **GRANTED**.

### BACKGROUND

  Plaintiffs Brittany Brimley and Travis Faison filed their Complaint (ECF No. 1) in this matter on May 13, 2024. Plaintiffs' Complaint alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay them and other similarly situated individuals for all overtime hours at the applicable FLSA overtime compensation rate. (ECF No. 1.) Defendant disputes Plaintiffs' allegations.

  This Court entered a Scheduling Order (ECF No. 20) on November 11, 2024. The parties exchanged initial disclosures and engaged in discovery and negotiations. On April 25, 2025, the parties filed a Joint Motion for Settlement Approval (ECF No. 44, "First Motion"). The Court denied the First Motion because the parties' proposed settlement agreement contained a

confidentiality provision. The parties filed the Renewed Motion on May 29, 2025. The parties proposed Settlement Agreement (ECF No. 46-2, "Agreement") is attached to the Renewed Motion.

As set forth in the Agreement, the grand total to be proposed to be paid by Defendants is $20,000. Of that amount, $8,750 will be divided between the two named Plaintiffs, Brittany Brimley and Travis Faison, along with 13 additional opt-in plaintiffs, as set forth in Exhibit 1. The remaining amount will be paid to Plaintiffs' attorneys for costs of $4,358.75, and fees of $6,891.25. The Agreement no longer contains a confidentiality provision.

## STANDARD OF REVIEW

The FLSA imposes a minimum wage and an overtime wage for several categories of employees. 29 U.S.C. §§ 206-07. To ensure compliance with the overtime and minimum wage provisions, the FLSA permits an employee to sue his employer to recover unpaid wages, an additional and equal amount as liquidated damages, and reasonable attorneys' fees. *Id.* § 216(b).

"The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Bartlow v. Grand Crowne Resorts of Pigeon Forge*, No. 3:11-cv-400, 2012 WL 6707008, at *1 (E.D. Tenn. Dec. 26, 2012) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). One exception applies when courts "approve settlement of suits brought in federal district courts pursuant to Section 16(b) of the FLSA." *Id.* (citing *Lynn's Food Stores v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).[1]

---

[1] There is a circuit split as to whether the settlement of FLSA claims requires Court approval. *Compare, e.g., Martin v. Spring Break '83 Prods., LLC,* 688 F.3d 247, 256 (5th Cir. 2012) (not requiring Court approval) *with Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (requiring Court approval). The Sixth Circuit has not spoken directly on this issue, but district courts in the Sixth Circuit have regularly required court approval of FLSA settlements. *See, e.g., Steele v. Staffmark Investments, LLC*, 172 F. Supp. 3d 1024 (W.D. Tenn.

2

In reviewing a proposed FLSA settlement, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's*, 679 F.2d at 1355; *see also Green v. Hepaco, LLC*, No. 2:13-cv-02496, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014). First, "a bona fide dispute exists when there are legitimate questions about the existence and extent of the defendant's FLSA liability." *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. 2016) (cleaned up); s*ee also Lynn's*, 679 F.2d at 1354 (there must be "issues, such as FLSA coverage or computation of back wages, that are actually in dispute"). Second, courts consider the following factors to determine whether a resolution is fair and reasonable:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992) and *Williams v. Vukovich*, 720 F.2d 909, 922–23 (6th Cir. 1983)). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Burnham v. Papa John's Paducah, LLC*, No. 5:18-CV-112-TBR, 2020 WL 2065793, at *2 (W.D. Ky. Apr. 29, 2020) (citing

---

2016); *Cardwell v. RPM Wholesale & Parts, Inc.*, Civil Case No. 21-10831, 2021 WL 5563979 (E.D. Mich. Nov. 29, 2021); *Love v. Gennett Co. Inc.*, No. 3:19-cv-296, 2021 WL 4352800 (W.D. Ky. Sept. 24, 2021). However, a growing number of district courts are rejecting the Eleventh Circuit's analysis in *Lynn's Food Stores*. *See, e.g., Askew v. Inter-Cont'l Hotels Corp.*, 620 F. Supp. 3d 635 (W.D. Ky. 2022). This Court takes no position on the matter, but because the parties in this case requested approval of their settlement, the Court has engaged in the analysis under *Lynn's*.

*Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

## DISCUSSION

A. **Bona Fide Dispute**

Plaintiffs allege that they and other similarly situated warehouse employees were not paid the applicable FLSA overtime rates of pay for hours worked over forty hours per week. (ECF No. 1 at PageID 1.) Defendant disputes whether Plaintiffs were employed by it (as direct or loaned employees), or worked uncompensated (off the clock) hours, and if so, whether Defendant was aware of or responsible for the uncompensated (off the clock) hours. So there were legal disputes about the existence and extent of Defendant's FLSA liability. In other words, Plaintiffs face a significant risk of not prevailing on their claims. The Court thus finds there is a bona fide dispute.

B. **Fair and Reasonable Resolution**

The Revised Agreement provides that Defendants will pay a gross settlement amount of $20,000—with $8,750 to be paid to Plaintiffs for disputed wages and liquidated damages and $11,250 paid to Plaintiffs' attorneys for attorneys' costs and fees. Whether this settlement is fair and reasonable turns on consideration of the factors identified above. The Court discusses each factor in turn below.

First, the Court has no reason to believe the Revised Agreement was reached through collusion or fraud. Courts "may presume that no fraud occurred and that there was no collusion between counsel" unless there is evidence otherwise. *See, e.g., Crawford v. Lexington-Fayette Urb. Cnty. Gov't*, No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *6 (E.D. Ky. Oct. 23, 2008). The Revised Agreement compensates each Plaintiff based on the Plaintiff's "actual employment history, including the number of weeks worked and amount of time he or she worked for Defendant

as an hourly-paid employee in Defendants' Memphis, Tennessee facility during the limitations period applicable to each of them and each Plaintiff's level of cooperation in responding to discovery." (ECF No. 46-1 at PageID 317.)  The Revised Agreement proposes to pay amounts to Plaintiffs that balance several risks, including the uncertainty of litigation, costs for each party, and that Plaintiffs "are not highly compensated employees." (*Id.*)

Second, the expense and duration of the litigation weigh in favor of the settlement being fair and reasonable. "In evaluating settlements, courts are not required to reach any ultimate conclusions on the contested issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual settlements." *Does 1-2 v. Deja Vu Servs., Inc.*, 925 F.3d 886, 895–96 (6th Cir. 2019) (cleaned up).  Plaintiffs are not highly compensated employees, and the possible range of recovery was uncertain.  The Revised Agreement avoids expensive and lengthy litigation and the risks associated therewith.  This factor weighs in favor of the settlement.

Third, before reaching a settlement, the parties engaged in discovery, Defendant filed a Motion to Compel discovery responses for several opt-in Plaintiffs, and Plaintiffs filed a Motion for Court-Facilitated Notice. Counsel for both parties have experience in litigating similar matters. Plaintiffs' counsel represents employees with claims against employers similar to the claims asserted in this case, and Defendant's counsel is likewise experienced in defending similar claims. The Court thus believes parties were able to adequately gauge the risks of continuing with litigation in this matter.

Fourth, the parties disagree about the merits of Plaintiffs' claim and Defendant's defenses. As set forth above, the parties had differing positions on several issues, including whether Plaintiffs were employed by Defendant.  Given these legal disputes, both parties faced significant

uncertainty as to the outcome in this matter. This factor thus weighs in favor of approving the Revised Agreement.

Fifth, counsel for both parties "have advised their respective clients regarding the settlement, and they have recommended seeking judicial approval." And because this is an opt-in case, there are no absent class members.

Finally, settlement is in the public interest. "If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to promote the policy of encouraging settlement of litigation." *Crawford*, 2008 WL 4724499, at *9 (citing *Lynn's*, 679 F.2d at 1353) (cleaned up). "There is a strong public interest in encouraging settlement of complex litigation and class action suits because they are notoriously difficult and unpredictable and settlement conserves judicial resources." *Deja Vu Servs.*, 925 F.3d at 899 (6th Cir. 2019) (cleaned up). The settlement here conserves judicial resources while also promoting compliance with the FLSA. This final factor thus weighs in favor of the settlement.

For the reasons set forth above, the Court finds that the settlement is fair and reasonable.

**C.    Attorneys' Fees and Costs**

"A reasonable fee is one that is adequate to attract competent counsel, but . . . [does] not produce windfalls to attorneys." *Pittman v. Matalco (U.S.), Inc.*, Case No. 4:18CV203, 2018 WL 6567801, at *1 (N.D. Ohio Dec. 13, 2018) (quoting *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999)). In determining the reasonableness of attorneys' fees, "[a] district court has discretion to choose between the percentage-of-the-fund method and the lodestar method . . . ." *Baker v. ABC Phones of N.C., Inc.*, No. 19-cv-02378-SHM-tmp, 2021 U.S. Dist. LEXIS 208344, at *11 (W.D. Tenn. Oct. 28, 2021) (citing *Van Horn v. Nationwide Prop. and Cas. Ins. Co.*, 436 F. App'x 496,

498 (6th Cir. 2011)). *See also Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 515 (6th Cir. 1993). "But even where attorney fees are sought pursuant to the percentage of the fund method, 'counsel must submit evidence providing a factual basis for the award.'" *Diaz v. Rockland Gardens Assocs.*, No. 22- CV-3281 (KMK), 2023 U.S. Dist. LEXIS 19024, at *10 (S.D.N.Y. Feb. 3, 2023) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012)).

Here, Plaintiff's counsel seeks costs of $4,358.75, and fees of $6,891.25. In support of that request, Plaintiffs' counsel has submitted an affidavit that provides a high-level breakdown of the costs, attorney hours, and attorney qualifications. The Renewed Motion also includes Plaintiffs' counsel's lodestar report, showing a total of 114 hours of attorney time in this matter, although it does not break down how that time was spent. (ECF No. 46-3.) For costs, the affidavit asserts those amounts were accrued for "the filing fee, printing/copy expenses, legal research, case marketing, services of process, etc." (*Id.*) As this Court has said before, it is surprising that "case marketing" is included as part of the costs. Maybe these things have become the norm today, but it is not clear to this Court that these expenses are proper "costs of the action," and of course, Plaintiffs' counsel did not submit any authority in support of an award of these amounts.[2] Also troublesome is that the Court does not know the exact amount attributable to each generic category of cost because Plaintiffs' counsel did not provide a specific breakdown.

Ultimately, although the requested attorneys' fees and costs represent more than 50% of the total settlement amount, the Court finds that the fee amount would not create a windfall. And

---

[2] "Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable [in FLSA actions]." *Rutti v. Lojack Corp., Inc.*, No. 06–cv–350, 2012 WL 3151077, at *12 (C.D. Cal. July 31, 2012); *see also Andrade v. Aerotek, Inc.*, No. 08–cv–2668, 2012 WL 983773, at *7 (D. Md. Mar. 21, 2012) ("Types of costs charged to losing defendants [in FLSA actions] include 'necessary travel, depositions and transcripts, computer research, postage, court costs, and photocopying.'")

7

because the Sixth Circuit has advised that "courts should not 'become green-eyeshade accountants,' but instead must content themselves with 'rough justice'" in determining fee awards, *see Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021) (quoting Carter v. Hickory Healthcare, Inc., 905 F.3d 963, 970 (6th Cir. 2018)), the Court will accept the lump sum amount submitted for costs. The Court therefore finds the attorneys' fees and costs to be reasonable and approves the same.

## **CONCLUSION**

For the reasons set forth above, the parties' Renewed Joint Motion for Settlement Approval (ECF No. 46) is **GRANTED**, and the parties' proposed Settlement Agreement (ECF No. 46-2) is **APPROVED** as a fair and reasonable resolution of the parties' *bona fide* dispute. The Court further approves payment of the attorneys' fees and costs for Plaintiffs' counsel. Judgment will be entered dismissing this matter with prejudice.

**IT IS SO ORDERED**, this 9th day of September, 2025.

                                        *s/ Mark S. Norris*
                                        MARK S. NORRIS
                                        UNITED STATES DISTRICT JUDGE